UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                                          Case No.: 8:14-CR-519-T-27EAJ

ARTURO ISSAC SOLIS-PEDROZA
_____/

**DEFENDANT'S SENTENCING MEMORANDUM**

**COMES NOW**, the Defendant, ARTURO ISSAC SOLIS-PEDROZA, by and through his undersigned counsel, respectfully requests a sentence below the advisory guideline range pursuant to Section 18 U.S.C. §3553, and as grounds in support thereof, the Defendant states as follows:

1. On February 10, 2015, the Defendant entered a plea of guilty with a plea agreement with the Government to Count 1, conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States.

2. The Defendant objected to Probation's determination that there were no factors that warranted a sentence for the Defendant below the advisory guideline range.

3. Defendant is set for sentencing by this Honorable Court on May 4, 2015, at 3:30 p.m.

**FACTS:**

1. The Defendant was born in 1956 in Gaupi Cauca, Colombia where he was raised by his mother and father. (PSR ¶35)

2. The Defendant is currently 58 years old and has NO PRIOR CRIMINAL RECORD. (PSR ¶29)

3. The Defendant grew up very poor, as he was one of 13 children in his family. (PSR ¶39-50)

1

4. As a small child, he and his family often times only had the fish they personally caught as their only form of nourishment. (PSR ¶35)

5. Unfortunately because of a lack of money, the Defendant's parents only had enough money to send the him to school for part of 1 year. Once he learned how to write his name in Spanish and read a few simple words, his parents stopped sending him to school. (PSR ¶35 & 63)

6. As a child, instead of attending school, the Defendant began to work with his father and other family members and friends as a fisherman to help support the family.

7. As a result of having no education and having limited food and nourishment, the Defendant left home at 14 years of age and began working and earning a living to help support himself and his family as a commercial fisherman. (PSR ¶35)

8. The Defendant's desire to work and help his family at a young age took him away from his family home and community. He looked for work anywhere he could find it. Often times he would sleep on the docks or in the actual fishing boats he was hired to fish on. At times he had no real residence or place to live. For years he basically floated around looking for work, food, and a place to sleep. He did this all to help himself, his parents and his 12 siblings.

9. The Defendant lived this way under these conditions until he was approximately 20 years old (6 long and grueling years). His luck and good fortune finally changed when at age 20 he met Roberta Paz Ortiz, who has been his common law wife for the last 38 years. (PSR ¶51)

10. The Defendant and his wife have 5 children together whom they both raised and love very much. (PSR ¶52)

11. The Defendant currently works in the fishing industry to earn enough money to help support his wife, children, his grandchildren, his parents and his many siblings. (PSR ¶42, 44, 45, 46)

12. The Defendant's father is approximately 86 – 88 years old and his mother is approximately 82 – 83 years old. (PSR ¶37 & 38)

13. Sadly, 3 of the Defendant's adult sons, Roberto (33 years old), Carlos (30 years old), and Neiber (25 years old) have had to flee their home in Colombia and escape to the country of Chile over 1,500 kilometers away to avoid being recruited or forced to join guerilla paramilitary groups in Colombia. (PSR ¶55)

14. Currently Roberto, Carlos, and Nieber live in Chile and are trying to find employment and a decent place to live. They desperately miss their mother and other family members and friends but they had to leave under the real threat of having to join guerilla/ paramilitary groups, or be executed if they refused.

15. The fact that the three brothers had to leave is even more devastating since the Defendant is not home to comfort and provide for his wife.

16. It is also important to add that the Defendant has never used any illegal drugs. (PSR ¶62)

## MEMORANDUM OF LAW

In *United States v. Booker,* 125 S. Ct. 738 (2005) the United States Supreme Court rendered the United States Sentencing Guidelines to be "effectively advisory." *Booker,* 125 S. Ct. at 756. Pursuant to *Booker*, sentencing courts are required to consider a defendant's Guideline range, but may "tailor the sentence in light of other statutory concerns as well." *Id*. (*citing* 18 U.S.C. § 3553(a)).

In effect, federal district courts must consider the seven factors set forth by Section 3553(a) in determining a sentence:

- (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
- (2) the need for the sentence imposed –
    - (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    - (B) to afford adequate deterrence to criminal conduct;
    - (C) to protect the public from further crimes of the defendant; and
    - (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
- (3) the kinds of sentences available;
- (4) [the applicable Sentencing Guidelines];
- (5) any pertinent [Sentencing Guidelines] policy statement;
- (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
- (7) the need to provide restitution to any victim of the offense.

See 18 U.S.C. § 3553(a).

Section 3553(a) embodies the "parsimony principle," which requires a district court to "assign a sentence sufficient, but not greater than necessary to comply with the purpose of

sentencing" set forth in Section 3553(a)(2).  *United States v. Lacy*, 99 F. Supp. 369, 378 (E.D.N.Y. 1994) ("parsimony" is a "key provision" of Section 3553(a)), *vacated on other grounds*, *United States v. DeRiggi*, 45 F.#d 713 (2d Cir. 1995); *see also generally* ABA STANDARDS OF CRIMINAL JUSTICE §18-2.4 (sentences "imposed, taking into account the gravity of the offense, should be no more than necessary to achieve the social purposes for which they are authorized").

Sentencing under Section 3553(a) therefore requires the Court to start with the minimum sentence permissible and add only so much additional punishment, if any, as necessary to comply with the purposes of Section 3553(a).

**ARGUMENT**.

The Defendant is a 58 year old man with no prior criminal history who is going to be sentenced to a long prison sentence.  In this case, the Defendant made an absolutely terrible decision to participate in this criminal activity.  The Defendant knows his actions were illegal and that he needs to be punished.   However, the Defendant's history and characteristics warrant a sentence below the advisory guideline range.

The Defendant has virtually no education of any kind and instead he has had to work in the fishing industry in Colombia his entire life.  The Defendant is an extremely hard worker and has worked consecutively since he was a small boy. The Defendant was taught at a young age to work hard and provide for his family.  This has resulted in him working and supporting his wife, his children, his grandchildren, his siblings, and his parents.  Life in Colombia is very hard, and finding steady paying work is even harder.

The Defendant is a very happily married man with his common law wife of 38 consecutive years, which has produced 5 fabulous and loving children, plus grandchildren.

The Defendant has never used illegal drugs and rarely if ever drinks alcohol.

The Defendant's age is a critical factor in his sentence.  At almost 59 years of age, the current guideline low end sentence of 14 years will leave him in prison well into his 70's.  Hopefully he can survive in prison so he can return home to his loving and heartbroken family.  But even worse, his parents are both still alive and elderly, as the both are in their mid-to-late 80's.  <u>Realistically, the Defendant will never see his parents ever again</u>.  They will likely pass away while he is incarcerated (but hopefully not).  This is a sad and gut-wrenching reality for the Defendant to be facing.  His loving parents' who raised him and cared for him and whom he loves more than words can express will likely never see him again.

While incarcerated, the Defendant will also miss out on supporting his wife mentally, physically, emotionally, and financially. She will be alone hopefully awaiting his return.  The Defendant's wife needs her husband now more than ever as her 3 adult sons have had to flee Colombia and escape to Chile to live.  For if the sons stayed in Colombia they would be forced to join the paramilitary guerilla groups or face execution.  None of his sons have any interest in joining these groups.  More recently, these groups began actively attempting to recruit them, and they felt their safety and freedoms were in immediate jeopardy if they didn't flee now.  As a result, the Defendant sits in an American jail for his actions, his wife is alone, scared and heartbroken, his parents are aging, and all 3 of his male children have fled to another country.  The Defendant's attempt to economically support his family was clearly the wrong choice and it has backfired and made things far worse for all.  Of course, in hindsight, the Defendant would

5

trade any and all of the promised money he hoped to make in this case to be poorer but back home with his family.

The Defendant's lack of any criminal history at 58 years of age shows this is an isolated incident in his life and that he will not recidivate.

The Defendant's time in the Bureau of Prisons will be more punishing and difficult than for most prisoners.  Since the Defendant is not a US Citizen, he will not be eligible for early release into a halfway house.  Rather he will have to stay in prison longer than a similarly situated US Citizen imprisoned for the exact same offense.  Next, since the Defendant's family lives in Colombia (and Chile), they will not be able to visit him or see him throughout the duration of his prison sentence.  This makes his service of sentence even tougher than it already will be.  He will be isolated and alone.  Further, since the Defendant does not speak English he will likely not be eligible for some prison work programs which could help him earn some money for his family and equally importantly make his prison term more productive and go by faster.

For these above mentioned factors and reasons, and others that will be discussed at the Defendant's sentencing hearing, the Defendant feels a sentence below the advisory guideline range is fair, just, and reasonable in this case.

**WHEREFORE**, the Defendant respectfully requests this Honorable Court find that the Defendant should be sentenced below the advisory guideline range pursuant to Section 18 U.S.C. §3553; and finally,

      **WHEREFORE**, the Defendant respectfully asks the Court to recommend he serve his BOP prison sentence at the Coleman prison facility.

                                       **RESPECTFULLY SUBMITTED**

                                       **/s/ Andrew Shein**
                                       Andrew Shein, Esq.
                                       FLBar #0145734
                                       Attorney for Defendant
                                       **The Law Offices of Andrew Shein, P.A.**
                                       3605 West Azeele Street
                                       Tampa, FL  33609
                                       (813) 877-4357
                                       (813) 877-4356 (fax)
                                       E-mail:  sheinlaw@hotmail.com

                                   **CERTIFICATE OF SERVICE**

      **I HEREBY CERTIFY** that on <u>April 29, 2015</u>, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

James Zoll, Esq.
Office of the United States Attorney
400 North Tampa Street, Suite 3200
Tampa, Florida 33602, and

Joshua Luria
United States Probation Office
PO BOX 3905
Tampa, Florida 33601

                                       **s/ Andrew Shein**
                                       Andrew Shein, Esq.
                                       FLBar #0145734
                                       Attorney for Defendant
                                       **The Law Offices of Andrew Shein, P.A.**
                                       3605 West Azeele Street
                                       Tampa, FL  33609
                                       (813) 877-4357
                                       (813) 877-4356 (fax)
                                       E-mail:  sheinlaw@hotmail.com